UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LO-Q PLC,

    Plaintiff / Counter-Defendant,

v.                                                   CASE NO.: 8:11-cv-2628-T-23TGW

QLESS, INC.,

    Defendant / Counter-Claimant.
_____/

**<u>ORDER</u>**

    QLess, Inc., moves (Doc. 13) to transfer this patent infringement action to the Central District of California, Los Angeles Division.

    The plaintiff, Lo-Q PLC, operates near Reading, England, and QLess operates near Los Angeles, California. Both parties design, build, and sell a product that enables a business, often a restaurant, to queue people electronically. The product allows a waiting patron to check or change his place in line through his cell phone. Lo-Q alleges that QLess infringed a patent entitled "assigning and managing patron reservations for distributed services using wireless personal communication devices." QLess counterclaims and alleges that Lo-Q sabotaged several QLess sales, including to two community colleges in Los Angeles.

Under 28 U.S.C. § 1404, "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." The "totality of the circumstances" and the action's peculiar facts define a convenient and just transfer. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). In this instance the parties' convenience and the location of pertinent proof, facts, and documents govern.

A venue in Los Angeles obviously qualifies as convenient for a company near Los Angeles. In general, no venue in the United States qualifies as convenient for a company in the United Kingdom. To litigate in Florida a QLess employee needs a plane flight, hotel accommodation, and more. Conversely, although one venue entails a longer and more expensive plane flight, to litigate in either venue a Lo-Q employee must travel. Because litigation in California saves QLess burdens that Lo-Q will suffer in either event, the cost and inconvenience that a transfer prevents appears greater than the marginal cost and inconvenience that a transfer creates.

Moreover, "the bulk of the relevant evidence" in a patent infringement action "usually comes from the accused infringer." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Most of the operative facts and probative evidence likely occurred or reside in California, where QLess developed and built the accused product.

Nothing else commends a particular venue.  Neither party cites a material difference in the venues' trial efficiency.  QLess claims that Lo-Q is the richer party, but even the lesser of these two parties enjoys ample resources.  *See Atlantic Recording Corp. v. Project Playlist, Inc.*, 603 F.Supp.2d 690, 697 (S.D.N.Y. 2009).  Florida, Lo-Q declares, "has an especially strong interest" in a patent that benefits amusement parks.  Southern California suffers no amusement park shortage.  *See* "LA Area Theme Parks," *LosAngeles.com*, www. losangeles .com /attractions /theme-parks .html (visited Apr. 24, 2012) (listing Disneyland, Universal Studios, Six Flags, and SeaWorld, among others).

The parties name no useful non-party witness likely to prefer one venue to the other.  Lo-Q identifies three QLess customers in Florida (two restaurants and a medical clinic), but Lo-Q never explains what renders these customers either important or different compared to QLess customers in California.  Lo-Q notes that a subsidiary, Lo-Q, Inc., operates in Atlanta, Georgia, but Lo-Q names no Lo-Q, Inc., employee who will testify.

Finally, Lo-Q insists that a plaintiff's choice of forum must receive deference.  A plaintiff's choosing a home venue ensures convenience for at least one party.  Deference is therefore warranted.  A foreign plaintiff, on the other hand, has an incentive to choose a venue that ensures convenience for no one.  Consequently, the reason for deference dissipates.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256

(1981).  A foreign party with no convenient venue may not for that reason alone ensure the venue is convenient for no party.

The motion (Doc. 13) to transfer is **GRANTED** and the action is **TRANSFERRED** to the Central District of California, Los Angeles Division.  The clerk is directed to close the file.

ORDERED in Tampa, Florida, on April 30, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE