1  William F. Long  (admitted *pro hac vice*)
   Tara C. Stuart  (admitted *pro hac vice*)
2  McKENNA LONG & ALDRIDGE LLP
   303 Peachtree Street, Suite 5300
3  Atlanta, Georgia 30308
   Telephone: 404.527.4000
4  Facsimile:  404.527.4198
   Email:   wlong@mckennalong.com
5            tstuart@mckennalong.com

6  Jeffrey D. Wexler, State Bar No. 132256
   McKENNA LONG & ALDRIDGE
7  300 S. Grand Ave., 14th Floor
   Los Angeles, California 90071
8  Telephone: 213.892.4910
   Facsimile:  213.452.8029
9  Email:  jwexler@mckennalong.com

10 Attorneys for Plaintiff and Counterdefendant LO-Q, PLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| LO-Q, PLC,<br><br>             Plaintiff,<br><br>     v.<br><br>QLESS, Inc.,<br><br>             Defendant. | Case No. 12-CV-03760 JAK (RZ)<br><br>**AMENDED [PROPOSED]**<br>**PROTECTIVE ORDER**<br><br>**[DISCOVERY MATTER]** |
| AND RELATED COUNTERCLAIMS | |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

WHEREAS, Plaintiff and Counterdefendant Lo-Q, PLC ("Lo-Q"), and Defendants and Counterclaimant QLess, Inc. ("QLess") (collectively, "the Parties"), hereby acknowledge that certain documents and other information being produced in this litigation include confidential, proprietary and/or trade secret information relating to the business of each party, which, if disclosed, would harm the party's business, commercial, or financial interests;

WHEREAS, the Parties desire to expedite the flow of discovery material, and facilitate the prompt resolution of disputes over confidentiality of discovery materials;

WHEREAS the Parties desire to adequately protect information the Parties are entitled to keep confidential as well as ensure that only such materials are subject to special treatment; and

WHEREAS the Parties respectfully submit that protection of this confidential information will protect the Parties from unfair competition, burden, and expense;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties that the following Order should be entered by the Court, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure ("Protective Order"). The following terms and conditions shall govern the use and treatment of documents, materials, items, tangible things, and/or information produced by parties or non-parties in this lawsuit.

**1.     Good Cause Statement:** The Parties believe that good cause exists for the entry of this Protective Order because the materials that they anticipate designating as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" constitute trade secret, proprietary or other confidential information, the disclosure of which is likely to have the effect of harming the competitive position of the designating party or violating an obligation of confidentiality to a third party.

2. **Scope:** All documents, materials, items, tangible things, and/or information that contain or comprise confidential, proprietary and/or trade secret information, including (a) sensitive research, development or commercial information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and (b) information, including a formula, pattern, compilation, program, device, method, technique, or process that (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy and therefore constitutes a trade secret for purposes of the California Uniform Trade Secrets Act (the "UTSA"), Cal. Civ. Code §§ 3426.1 *et seq.*, that are produced by either party or by a non-party or for any of the parties or their experts shall be governed during discovery in this action by this Protective Order ("Protected Material").

3. **"Confidential" or "Highly Confidential-Attorneys' Eyes Only" Information:** Protected Material produced by any party or non-party may be designated by such party or non-party as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" (collectively, "Protected Material"). "Confidential" or "Highly Confidential-Attorneys' Eyes Only" information shall include information of the following type:

   a. a trade secret entitled to protection under the USTA;

   b. non-published financial information, business plans, strategies, marketing information, sales data, customers lists, unpublished patent applications, invention disclosures, proprietary algorithms in unpublished and published copyrights, technical drawings, technical plans and flow charts, for which the disclosing party reasonably believes would cause competitive harm to the disclosing party if it were publicly disclosed; and

   c. information which the disclosing party has independently agreed in the

ordinary course of business to maintain in confidence for the benefit of a third party, such as confidential technical or financial information provided by a third party.

4. **"Highly Confidential-Attorneys' Eyes Only" Designation:** The following highly sensitive information, if non-public, may be designated "Highly Confidential-Attorney's Eyes Only" since such information is particularly sensitive and/or of immediate competitive significance: trade secrets; pricing information; proprietary technical drawings, technical plans, flow charts, source code, and algorithms; financial data, sales information, sales or marketing plans, customer information, business plans, sales or marketing strategy, competitive analysis, performance metrics and reports, business intelligence information, product development information, strategic plans, management reports, information obtained by a non-party that is subject to confidentiality obligations, licensing documents and communications, and settlement agreements or communications. Care shall be taken by the producing party to use the "Highly Confidential-Attorneys' Eyes Only" designation only where the producing party has a good faith belief that such protection is needed.

5. **Previously Disclosed Material:** No material shall be designated "Confidential" or "Highly Confidential-Attorneys' Eyes Only" if the material has been published, distributed to the public, or disclosed to a non-party without a confidentiality agreement or a reasonable expectation that the material would be maintained by the non-party in confidence.

6. **Dissemination of Protected Material:** (A) Protected Material classified as "Confidential" may be disclosed only to the following persons, except upon the prior written consent of the designating party or further Order of the Court:

a. Two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the

    designating party in advance of the disclosure, and provided further that such persons comply with Paragraph 8 of this Protective Order;

  b. Two (2) in-house counsel who are identified by the receiving party;

  c. Outside counsel for the receiving party;

  d. Supporting personnel employed by counsel identified in paragraphs 6(b) and 6(c) of this Protective Order, such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying services;

  e. Independent experts and consultants retained by outside counsel of record, provided that the expert satisfies the conditions set forth in Paragraph 7 of this Protective Order;

  f. Court reporters or videographers who are neither past nor present employees of any party and who are preparing transcripts of testimony of a witness in this case;

  g. Outside vendors who perform document coding, image scanning, photocopying or similar clerical functions, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, but only for so long as necessary to perform those services and no documents or copies shall be retained;

  h. This Court and any court to which an appeal in this action is taken; and

  i. Those individuals designated in Paragraph 6(C).

  (B)    Protected Material classified as "Highly Confidential-Attorneys' Eyes Only" may be disclosed only to persons identified in Paragraph 6(A)(c), (d), (e), (f), (g), (h), and (i), except upon the prior written consent of the designating party or further Order of the Court.

  (C) Confidential Information or Highly Confidential-Attorney Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

  a. the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

  b. the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

  c. counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

 **7.** **Experts:** No independent expert or consultant shall receive Protected Material unless and until the conditions set forth in this Paragraph are met.

  a. Such expert must be provided with a copy of this Protective Order;

  b. Such expert must agree to comply with the requirements of this Protective Order and execute an Agreement to Be Bound by Protective Order in the form attached as "Exhibit A";

  c. The signed Agreement to Be Bound by Protective Order attached hereto must be sent to opposing counsel, together with (i) the resume or curriculum vitae of the proposed expert or consultant, (ii) the expert or consultant's business affiliation, and (iii) any current and past consulting relationships in the industry;

  d. Opposing counsel shall have seven (7) calendar days after receipt of the expert's identification and signed acknowledgment to object in good faith, in writing, to disclosure of confidential information on the basis that disclosure of confidential information to the proposed expert would result in material risk of disclosure or misuse of the confidential information, and

        to request a conference of counsel in accordance with Local Rule 37-1. At such conference of counsel, the Parties shall discuss the objections to the proposed disclosure of information and the bases for any Motion for Protective Order contemplated to prevent such disclosure. Any such Motion for Protective Order shall be filed in strict compliance with Local Rules 37-1 and 37-2, including specifically the requirement of filing a Joint Stipulation in accordance with Local Rule 37-2;

    e. Failure to object, to provide the objecting party's portion of the Joint Stipulation within the time frame set by the Local Rules or agreed to by the parties, or to file a motion within the time permitted by this Paragraph shall be deemed a waiver of any objection to the expert's access to the information;

    f. If a timely objection is made, no disclosure of Protected Material shall be made to the expert until the objection is resolved by the Court or the time for providing the objecting Party's portion of the Joint Stipulation or filing a motion under this Paragraph has expired.

8. **Agreement to Be Bound by Protective Order**: Prior to disclosure of Protected Material to any person enumerated in Paragraph 6(A)(a) or (e), the person receiving such Protected Material shall execute the attached Agreement To Be Bound By Protective Order (Exhibit A), and a copy of such executed Agreement shall be retained by counsel for the receiving party. A copy of the executed Agreement shall be provided to counsel for the disclosing party within the time frame set forth in Paragraph 7 in the case of disclosure to an independent expert or consultant; and at least five (5) calendar days prior to disclosure of Protected Material in the case of disclosure to a person enumerated in Paragraph 6(A)(a).

9. **Filing of Protected Material with the Court**: Any Protected Material that a party seeks to file with the Court under seal shall be submitted to the Court only as provided by Civil Local Rule 79-5. In particular, all documents containing

non-segregable Protected Material that are submitted to the Court shall be lodged (not filed) with the Court in sealed envelopes or other appropriate sealed containers on which shall be placed the title of the litigation, an indication of the nature of the contents of the sealed envelope or other container, and the words "Confidential" or "Highly Confidential-Attorneys' Eyes Only" as appropriate and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by Order of the Court presiding over this matter.

If the Protected Materials are segregable, such as an exhibit or set of exhibits in support of a motion, then only the segregable materials shall be lodged in this matter, with the remaining materials being publicly filed. The party lodging the Protected Materials shall simultaneously file an application to seal such materials, directed to the judicial officer to whom the underlying papers are directed. Until the Court rules on whether to seal, the lodged material shall remain under seal.

10. **Protected Material Attached to Dispositive Motions**: The Court shall treat "Confidential" or "Highly Confidential-Attorneys' Eyes Only" information or documents attached to dispositive motions differently from those attached to nondispositive motions. The party seeking to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that compelling reasons support their secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). At any hearing relating to this litigation prior to trial before any judicial officer, subject to the rules of evidence and an Order of the Court, a party may use any "Confidential" or "Highly Confidential-Attorneys' Eyes Only" information or documents for any purpose relating to such hearing. The use of the "Confidential" or

"Highly Confidential-Attorneys' Eyes Only" information or documents in court shall not affect its coverage by this Protective Order or constitute a waiver of secrecy with respect thereto. The Parties reserve the right to seek relief from the Court, either prior to or at a hearing in which Confidential or Attorneys' Eyes Only information may be used, to either close the courtroom or to otherwise seek appropriate relief.

11. **Materials Prepared from Protected Material and Copies of Protected Material**: All notes, extracts, and summaries of Protected Material shall also be considered Protected Material and shall be subject to the terms of this Protective Order. All copies of Protected Material shall be considered Protected Material.

12. **Inadvertent and Unintentional Disclosure and Failure to Classify**: (a) **Disclosure:** Furnishing of documents (including physical objects) to the receiving party; using documents in depositions, pleadings or written discovery; or disclosing documents to the Court shall not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document or physical object furnished, provided that the producing party shall immediately, upon discovery of the apparently inadvertent production of documents that appear on their face to be subject to the attorney-client privilege or the work product doctrine, notify the receiving party in writing and request such documents or material be returned or destroyed. Such notification by the producing party shall constitute reasonable precautions to prevent disclosure reasonably prompt measures to rectify the inadvertent production within the meaning of Fed. R. Evid. 502(b)(3). Upon receiving written notice from the producing party of inadvertent production, the receiving party shall destroy and not use such information, including electronic and paper copies thereof and any documents referencing such information, including analyses, memoranda or notes. The receiving party shall confirm destruction of all such information in writing within five (5) business days of receiving notification by

the producing party. The producing party must disclose the basis for its assertion of privilege by listing any inadvertently produced documents on a privilege log by the next business day following receipt of the receiving party's confirmation that the documents have been destroyed. If there are more than fifty (50) inadvertently produced privileged documents, the producing party shall have up to five (5) additional business days to provide the receiving party with a privilege log.

If the parties disagree about the disposition of such material after conferring in good faith, then either party may move the Court for a resolution of the dispute. For the purposes of this paragraph, the term "inadvertent" shall have the same meaning as the term is used in Fed. R. Evid. 502(b). While the receiving party may thereafter move to compel production of the inadvertently produced material, said party may not assert as a ground for compelling production the fact or circumstance that the material already has been inadvertently produced or disclosed.

(b) **Failure to Classify as Protected Material:** An inadvertent failure by a party to designate qualified Protected Material does not, standing alone, waive the party's right to secure protection under this Protective Order for such Protected Material. The party shall notify all receiving Parties in writing as soon as reasonably possible upon the party's learning of the inadvertent failure to so designate, along with the factual basis for the assertion of designation as Protected Material. Upon receipt of such notice, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Protective Order, subject to the right to challenge the propriety of such designation(s). The designating party shall provide substitute copies of documents bearing the confidentiality designation. A receiving party shall not be in breach of this Protective Order for any use of such material before the receiving party receives notice of the inadvertent failure to designate. Once a receiving party has received notice of the inadvertent failure to designate pursuant to this Paragraph, the receiving party shall treat such designated material at the appropriately designated

1 level pursuant to the terms of this Protective Order.

2     13.    **Challenges to Classification as Protected Material**: A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, and after the conference required under Local Rule 37-1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information with the burden being on the producing party to establish the confidentiality of the disclosed information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

    14.    **Depositions**: A party may designate information disclosed at a deposition as Confidential Information or Highly Confidential-Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the reporter, whether all or part of the transcript is to be designated as Confidential Information or Highly Confidential-Attorney Eyes Only Information. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Highly Confidential-Attorney Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Highly Confidential-Attorney Eyes Only Information. Each party and the reporter shall attach a copy of any final and timely written designation

notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential-Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

15. **Use of Protected Materials by Attorneys to Advise Parties**: This Protective Order shall not bar any attorney identified in Paragraph 6(A)(c) in the course of rendering advice to his or her client from referring to or relying in a general way upon his or her examination of Protected Material produced or exchanged herein, provided however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents or substance of any Protected Material produced by another party herein if that disclosure would be contrary to the terms of this Protective Order.

16. **Use of Protected Material before Trial**: All Protected Material, including information contained in Protected Material, may be used for purposes of preparation, trial and appeal of this action and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein. Confidential Information or Highly Confidential-Attorney Eyes Only Information may not be used under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose. In all appeals and proceedings, the party relying upon the Protected Material shall use appropriate procedures to ensure that the Court treats the Protected Material as "Confidential" or "Highly Confidential-Attorneys' Eyes Only", in accordance with this Protective Order.

17. **Treatment of Protected Material After Trial**: Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all

appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Highly Confidential-Attorney Eyes Only Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

18. **Use of Protected Material at Trial**: Before the trial begins, the Parties shall meet and confer in good faith as part of the pre-trial conference statement process to discuss a procedure for identification of and use of Protected Material at trial. The Parties shall include in the pre-trial conference statement, for the Court's consideration, the agreed-upon procedure. If the Parties cannot reach agreement on a procedure, a party may seek appropriate Court Orders concerning the handling at trial of Protected Material pursuant to applicable Court rules, including the Local Rules, Federal Rules of Evidence, and Federal Rules of Civil Procedure.

19. **Unauthorized Disclosure of Protected Material**: If a receiving party learns that, by inadvertence or otherwise, Protected Material has been disclosed to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify counsel for the designating party of the disclosures and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosures, (b) use its best efforts to take all reasonable measures to retrieve all copies of the improperly disclosed designated material and to ensure that no further or greater unauthorized disclosures and/or use thereof are made, (c) inform the person to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person execute the Agreement To Be Bound By Protective Order (Exhibit A).

20. **Third Party Discovery**: In the event that a party seeks discovery from a non-party to this action, either the non-party or the Parties may invoke the terms of this Protective Order with respect to any Protected Material provided to the Parties by the non-party by so advising all Parties in this suit in writing. Any non-party that discloses Protected Material under this Protective Order shall be entitled to the rights of a party under this Protective Order with respect to those produced materials.

21. **Use of Party's Own Protected Materials**: Nothing in this Protective Order shall restrict a party's use of its own Protected Materials. Similarly, nothing in this Protective Order shall be deemed in any way to restrict the use of information that is lawfully obtained or publicly available to a party independently of discovery in this action, whether or not such information has also been obtained during the course of discovery in the action.

22. **Relief**: Execution and entry of this Protective Order shall not prevent a party to the litigation or a non-party under Paragraph 20 from seeking modification of or relief from this Protective Order or from seeking other relief or Orders as may become appropriate or necessary to efficiently prepare this matter for trial.

23. **Subpoena in Another Action**: Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

24. **Secure Storage**: Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to persons authorized under this Protective Order.

25. **General Provisions**

a. This Protective Order shall be without prejudice to the right of either party to oppose production of any information for lack of relevance or any other grounds other than the mere presence of Protected Material. The existence

of this Protective Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

b. This Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

c. This Protective Order shall be binding upon the Parties, their counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, consultants, and any persons or organizations over which they have direct control. This Court shall have jurisdiction to enforce this Protective Order as to all such persons and entities.

d. Agreement of the Parties to this Protective Order shall not be construed as an agreement or admission by one party that any information classified as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" by the other party is in fact confidential information.

e. In determining whether any such designation is proper, the Court shall be governed by the standards set forth in Fed. R. Civ. P. 26(c) and the case law thereunder. The burden of proof and persuasion shall be on the party seeking to maintain confidentiality.

f. Nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Protected Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

g. This Protective Order is subject to further Court Order based upon public policy or other considerations, and the Court may modify this Protective Order sua sponte in the interests of justice.

h. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

i. This Protective Order shall be effective on the date entered by the Court.

GOOD CAUSE APPEARING, IT IS SO ORDERED, with the following caveat:

Notwithstanding anything to the contrary in this Order, this Order shall not govern in connection with dispositive motions or at trial, where different legal standards may apply. *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If protection is desired in connection with those proceedings, it shall be sought separately, from the judicial officer who will preside at those proceedings.

Dated: August 2, 2012

_____
The Honorable Ralph Zaretsky
United States Magistrate Judge

# EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby affirm that:

I have received a copy, read and understood the terms of the Protective Order entered in *Lo-Q, PLC v. QLess, Inc.,* Case No. 12-CV-03760 JAK (RZ), pending before the United States District Court for the Central District of California, and I hereby agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further Order of the Court. Specifically, I agree to keep confidential all information provided to me in this Matter, and I consent to the jurisdiction of the Court for the sole purpose of enforcing this Protective Order.

I agree not to use any Confidential Information or Highly Confidential-Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. At the termination of this Matter, I will return to the source all Protected Material that has come into my possession and I will return all documents or things I have prepared relating to or reflecting such Protected Information.

NAME (print)   _____

ADDRESS   _____

_____

DATE:_____   SIGNED:   _____

201239628.1